IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| KYRIE ADAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 1:19-cv-01044-STA-jay |
| HILTON HALL, JR., | ) ) ) | |
| Respondent. | ) ) | |

ORDER DIRECTING CLERK TO MODIFY RESPONDENT,
GRANTING MOTION TO DISMISS THE AMENDED PETITION,
DENYING MOTION FOR DISCOVERY AS MOOT,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Kyrie Adams has filed an amended *pro se* habeas corpus petition (the "Amended Petition"), pursuant to 28 U.S.C. § 2254.[1] (ECF No. 14.) He has also moved for permission to conduct discovery. (ECF No. 15.) Respondent, Hilton Hall, Jr., has filed a motion to dismiss the Amended Petition (ECF No. 20), as well as a brief in opposition to the discovery motion (ECF No. 21). For the following reasons, the motion to dismiss is **GRANTED** and the discovery motion is **DENIED** as moot.[2]

## BACKGROUND

In August 2010, Adams pleaded guilty to one count of attempted first-degree murder, one count of especially aggravated robbery, and one count of aggravated burglary in exchange for an

---

[1] The original petition (the "Petition") was docketed on February 28, 2019. (ECF No. 1.)

[2] The Clerk is **DIRECTED** to substitute Hilton Hall, Jr. for Cherry Lindamood as Respondent. *See* Fed. R. Civ. P. 25(d).

effective sentence of nineteen years. (ECF No. 19-4 at 3-15.) The judgments of conviction were entered on August 23, 2010. (ECF No. 19-1 at 3-5.)

On June 29, 2011, Petitioner filed a *pro se* petition for post-conviction relief in the state court (*id.* at 6-39), which was amended by appointed counsel (*id.* at 56-57). The post-conviction trial court denied relief after an evidentiary hearing (*id.* at 62-63), and the Tennessee Court of Criminal Appeals affirmed, *Adams v. State*, No. W2011-02051-CCA-R3-PC, 2012 WL 6206043, at *1, 6 (Tenn. Crim. App. Dec. 11, 2012), *perm. app. denied* (Tenn. Apr. 9, 2013).

In July 2013, Petitioner submitted a state habeas corpus petition (ECF No. 14 at 2), which was dismissed for lack of jurisdiction because it was filed in the wrong county (ECF No. 1-17). It does not appear that Petitioner appealed the dismissal.

Nearly five years later, in June 2018, Petitioner filed a document in state court styled "Motion to Correct Illegal Sentence And/Or Likewise If Treated As A Petition for Writ of Habeas Corpus." (ECF No. 14 at 3; ECF No. 1-3 at 1-20.) The motion was dismissed in July 2018. (ECF No. 14 at 3.) Adams also filed a state habeas corpus petition (ECF No. 14 at 3; ECF No. 1-1 at 1-19), which was dismissed on October 5, 2018 (ECF No. 1-5). In July 2018, he filed a second motion to correct an illegal sentence (ECF No. 14 at 3; ECF No. 1-2 at 1-19), which the trial court dismissed in August 2018 (ECF No. 1-4).

## DISCUSSION

Petitioner filed his federal Petition on December 27, 2018, by placing it into the prison mail system on that day. (ECF No. 1 at 9.) *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting mailbox rule for federal *pro se* prisoner filings). He subsequently filed his Amended Petition (ECF No. 14) and a motion for discovery (ECF No. 15). On July 10, 2019, Respondent

filed the state court record (D.E. 19), a motion to dismiss the Petition as untimely (D.E. 20), and a response in opposition to the discovery motion (ECF No. 21).

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). The time bar is also subject to equitable tolling where the petitioner demonstrates "that he has been pursuing his rights diligently[] and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). A valid claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, such a claim requires petitioner to support his allegations of

3

constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

In this matter, § 2244(d)(1)(A) applies, which means that the running of the federal limitations period was triggered when Petitioner's convictions became final. Because Adams did not take a direct appeal, his judgments of conviction, which were entered on August 23, 2010, became final thirty days later on September 22, 2010. *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x. 605, 609 (6th Cir. 2013) (a petitioner's conviction becomes final when the time for a direct appeal expires); Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal . . . shall be filed with the clerk of the appellate court within 30 days of entry of the judgment appealed from[.]").

The federal limitations "clock" started the next day, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and ran for 280 days, until it was paused when Adams filed his state post-conviction petition on June 29, 2011. *See* 28 U.S.C. § 2244(d)(2). The limitations period remained statutorily tolled until April 9, 2013, when the Tennessee Supreme Court denied Petitioner's discretionary review. (ECF No. 19-10.)

The limitations "clock" resumed running the next day, April 10, 2013, and ran for 85 days, expiring on July 5, 2013.[3] The federal Petition, which Adams declared was placed in the prison mailing system on December 27, 2018 (ECF No. 1 at 9), is therefore untimely by over five years.

---

[3] The eighty-fifth day was July 4, 2013. Under the Federal Rules of Civil Procedure, "if the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C)

Adams does not argue that he is entitled to equitable tolling, and he does not assert a gateway claim of actual innocence.[4] Accordingly, the late filing is unexcused.

Because the Petition was filed after the expiration of the limitations period, the Amended Petition is **DISMISSED**. Petitioner's discovery motion is **DENIED** as moot.[5]

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

---

[4] Adams did not address the timeliness issue in the space provided in the § 2254 form. (*See* ECF No. 1 at 9; ECF No. 14 at 13-14). He also did not respond to the motion to dismiss, although allowed to do so. (*See* ECF No. 16.)

[5] In its order of May 13, 2019, the Court took Petitioner's request for the appointment of counsel under advisement. (*See* ECF No. 16.) Appointment of an attorney is not warranted given the dismissal of the Amended Petition.

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[6]

    **IT IS SO ORDERED**.

                                                            **s/ S. Thomas Anderson**
                                                              S. THOMAS ANDERSON
                                                              CHIEF UNITED STATES DISTRICT JUDGE
                                                              Date: January 27, 2020

---

[6] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.